# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM EDWARD JONES, #Y36585, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00262-JPG |
| | ) | |
| JAKE ROBINSON, | ) | |
| LT. HANES, | ) | |
| JOHN DOE, and | ) | |
| DAVID JONES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff William Edward Jones, an inmate of the Illinois Department of Corrections, who is currently incarcerated at Taylorville Correctional Center, filed an Amended Complaint pursuant to 42 U.S.C. § 1983 for deprivation of his constitutional rights, which occurred while he was a detainee at Jefferson County Justice Center ("Jail") located in Mt. Vernon, Illinois. Plaintiff claims that he was placed in disciplinary segregation in retaliation of filing a lawsuit against Jefferson County Justice Center and that while in segregation he was subjected to unconstitutional conditions of confinement. He seeks monetary damages.

The Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint: While at the Jefferson County Justice Center, officers found a small piece of a coffee square on Plaintiff's bunk and a wire on his bunkmate's bunk. (Doc. 15, p. 6). Plaintiff was charged with starting a fire and possession of contraband and sentenced to 45 days in segregation, while his bunkmate was only charged with possession of contraband and sentenced to 10 days in segregation. *Id.* When Plaintiff complained that he was being harassed because of a lawsuit that he had previously filed against Jefferson County Justice Center, Lieutenant Hanes laughed at him. *Id.*

While in segregation, Plaintiff was placed in a cell that had an inoperative fire sprinkler. The head of the sprinkler had been removed and the water line had been caped off. *Id.* Plaintiff complained about the issued to Lieutenant Hanes, but was told he would be okay. He then wrote a grievance regarding the issue and was told that the sprinkler part had been order. *Id.* Plaintiff claims that Lieutenant Hanes put his life in danger by knowingly placing him in a cell where the fire sprinkler had been removed. *Id.*

## Preliminary Dismissals

Plaintiff names Jake Robinson, John Doe, and David Jones as defendants, but makes no allegations against them in the body of the Amended Complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him or her. Furthermore, merely invoking the

name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, these Defendants are dismissed from the Amended Complaint without prejudice.

## Discussion

Based on the allegations summarized above, the Court finds it convenient to designate the following two counts in the *pro se* action:

> **Count 1:** Defendant Hanes subjected Plaintiff to unconstitutional conditions of confinement by placing him in a cell that did not have a working fire sprinkler.
>
> **Count 2:** Defendants violated Plaintiff's constitutional rights by charging him with contraband and placing him in segregation in retaliation for filing a law suit against Jefferson County Justice Center.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Count 1

As a pretrial detainee,[2] Plaintiff's rights derive from the Fourteenth Amendment Due Process Clause, which entitles a pretrial detainee "to be free from conditions that amount to 'punishment[.]'". *Smith v. Dart,* 803 F.3d 304, 309 (7th Cir. 2005)(quoting *Bell v. Wolfish,* 441 U.S. 520, 535 (1079). *See also Reed v. Bowen*, 769 F. App'x 365, 369 (7th Cir. 2019); *Kingsley*

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). This includes claims against individuals not identified as defendants in the case caption. *See* Doc. 15, pp. 10-11. The Court will not treat parties not listed in the caption as defendants, and any claims against them are dismissed without prejudice. *See Myles v. United States,* 416 F.3d 551, 551-552 (7th Cir. 2005).

[2] Plaintiff does not plead whether he was a pretrial detainee or a convicted person being housed at the Jefferson County Justice Center. Based on publicly-available records from the Jefferson County Clerk, it appears that Plaintiff was there pending trial. As such, the Court will accord him the more favorable pretrial detainee standard.

*v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015). The alleged conditions, however, "must be objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind."[3] *Id.* "An adverse condition amounts to a constitutional deprivation when it results in the denial of a basic human need[.]" *Id.* (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)).

Plaintiff's claim that he was placed in a cell without a working fire sprinkler does not —by itself— rise to the level of a constitutional violation and so Count 1 shall be dismissed. *See French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1986) (observing that "[t]he eighth amendment does not constitutionalize the Indiana Fire Code. Nor does it require complete compliance with OSHA regulations."). *See also Hunter v. Knapp,* No. 07-cv-364-MJR, 2009 WL 909525, at *2 (S.D. Ill. Apr. 2, 2009) (holding that Plaintiff's claim that the jail did not pass fire safety ordinances standing alone does not state a constitutional claim).

## Count 2

"To prevail on his First Amendment retaliation claim, [Plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted).

Although Plaintiff has specified that he previously filed a law suit against Jefferson County Justice Center and that the contraband charges and placement in segregation were in retaliation for filing that suit, he has not asserted these claims against any of the Defendants. *See Higgs v. Carver*,

---

[3] For a claim alleging unconstitutional conditions of confinement under the Fourteenth Amendment, a pretrial detainee must allege (1) the defendant acted purposefully, knowingly, or recklessly when they considered the consequences of their handling of a plaintiff's situation; and (2) the challenged conduct was objectively unreasonable. *McCann v. Ogle Cty., Ill.,* 909 F.3d 881, 886 (7th Cir. 2018); *see also Hardeman v. Curran,* 933 F.3d 816 (7th Cir. 2019).

286 F.3d 437, 439 (7th Cir. 2002). Plaintiff claims that "officers" found the contraband and charged him, but does not specifically name a Defendant. (Doc. 1, p. 6). Furthermore, the allegations do not suggest that Lieutenant Hanes was involved in the contraband charges or the placement in segregation, only that he laughed when Plaintiff complained to him. Because Plaintiff has not alleged a connection between any of the Defendants and the retaliation, Count 2 does not survive preliminary review.

## Disposition

The Amended Complaint does not survive preliminary review under 28 U.S.C. § 1915A. **IT IS ORDERED** that the Amended Complaint (including **COUNTS 1 and 2**) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **October 14, 2019**. Should Plaintiff decide to file a Second Amended Complaint, he should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights. A successful complaint generally alleges "the who, what, when, where, and how…". *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff should attempt to include the relevant facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. The Second Amended Complaint should comply with Rule 8 and *Twombly* pleading standards.

If Plaintiff fails to file a Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "Second Amended Complaint," and he should use the case number for this action (No. 19-cv-00262-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Second Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 9/16/2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**