IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM EDWARD JONES, #Y36585, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00262-JPG |
| | ) | |
| JAKE ROBINSON, | ) | |
| LT. HANES, | ) | |
| JOHN DOE, and | ) | |
| DAVID JONES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff William Edward Jones, an inmate of the Illinois Department of Corrections, who is currently incarcerated at Taylorville Correctional Center, commenced this action by filing a Complaint pursuant to 42 U.S.C. § 1983 for deprivation of his constitutional rights, which occurred while he was a detainee at Jefferson County Justice Center ("Jail") located in Mt. Vernon, Illinois. The original Complaint and First Amended Complaint were both dismissed without prejudice for failure to state claim upon which relief may be granted pursuant to 28 U.S.C. 1915A. (*See* Docs. 13, 17). Plaintiff was granted leave to file a Second Amended Complaint on or before October 14, 2019. (Doc. 17).

On October 3, 2019, Plaintiff filed Motion to Postpone (Doc. 18), which is now before the Court. In the motion, Plaintiff requests to postpone his case so that he may obtain counsel. (*Id.*). He states that because he has already filed a complaint and an amended complaint, he is confused about the Court's order to file a Second Amended Complaint, and so he is also trying to obtain counsel. (*Id.*).

1

To the extent Plaintiff is requesting the Court to recruit counsel to represent him, such request is denied. A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Serv.*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Here, Plaintiff does not provide any information regarding attempts to recruit counsel on his own or whether he has been effectively precluded from doing so. Because he has not made this showing, the Court finds that Plaintiff has not made a reasonable attempt to find counsel. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

Plaintiff's request to postpone the litigation is also denied. Both of Plaintiff's previous complaints were dismissed without prejudice. Plaintiff has filed his lawsuit pursuant to 42 U.S.C.

§ 1983, which requires him to allege that a person's conduct acting under the color of law deprived him "of any rights privileges, or immunities secured by the Constitution". *Id.* Section 1983 also "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).

In the merit review order of the First Amended Complaint, (Doc. 17), Plaintiff's claim that Defendant Hanes subjected him to unconstitutional conditions of confinement by placing him in a cell that did not have a working fire sprinkler was dismissed because, as pled, the claim did not rise to the level of a constitutional violation (Count 1). (Doc. 17, p. 4). Furthermore, his second claim that Defendants violated his constitutional rights by retaliating against him for filing a lawsuit was also dismissed because he did not assert this claim against any named Defendant (Count 2). (Doc. 17, pp. 4-5). Although the First Amended Complaint was dismissed, the Court granted Plaintiff a third opportunity to file another complaint, fix the deficiencies in his First Amended Complaint, and plead viable claims. (Doc. 17, p. 5).

The Court will not postpone the litigation while Plaintiff attempts to seek legal counsel, but Plaintiff is granted an extension to file his Second Amended Complaint. The Second Amended Complaint shall be filed on or before **November 6, 2019.** If Plaintiff fails to file a Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order or the merit review order of the First Amended Complaint, (Doc. 17), the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

**THEREFORE, IT IS HEREBY ORDERED** that the Motion to Postpone is **DENIED** (Doc. 18). Plaintiff is **GRANTED** an extension to file his Second Amended Complaint, which shall be due on or before **November 6, 2019**.

**IT IS SO ORDERED**.

**DATED: 10/23/2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
